25CA0495 Peo in Interest of Patricio-Saguilan 06-12-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0495
Pueblo County District Court No. 24MH30081
Honorable J. Steven Patrick, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Brandon Jonathan Patricio-Saguilan,

Respondent-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE JOHNSON
Welling and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 12, 2025

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County
Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1 Brandon Jonathan Patricio-Saguilan (Patricio-Saguilan) appeals the district court's order authorizing staff at the Colorado Mental Health Hospital in Pueblo (the hospital) to medicate him without his consent. We affirm.

## I. Background

¶ 2 Patricio-Saguilan was admitted to the hospital in August 2024 after being found incompetent to proceed in a criminal case. His symptoms included paranoia, delusional beliefs that his food was being poisoned, auditory hallucinations, agitation, and ideas of reference (believing that he was being sent messages specific to him by television shows and music). Later the same month, Patricio-Saguilan punched another patient in the head without provocation, and hospital staff started him on emergency medications to decrease his aggression.

¶ 3 In early September 2024, the district court issued an order authorizing the involuntary administration of olanzapine (Zyprexa) and haloperidol (Haldol). That order was set to expire in early March 2025.

¶ 4     In late February 2025, the State filed another petition seeking authorization to medicate Patricio-Saguilan involuntarily.  This time, the State requested to medicate him only with olanzapine.

¶ 5     At the hearing on the petition, Patricio-Saguilan's hospital psychiatrist testified as an expert that Patricio-Saguilan's diagnosis is "unspecified schizophrenia and other psychotic disorder," which constitutes a substantial disorder that grossly impairs his judgment or capacity to recognize reality or to control his behavior.  The psychiatrist also testified that, despite Patricio-Saguilan's "significant psychiatric psychotic symptoms," Patricio-Saguilan "is not sure if he has a mental illness," and thus has "[m]inimal" insight into his mental illness.

¶ 6     The psychiatrist also (1) opined that Patricio-Saguilan needs medication treatment with olanzapine, an antipsychotic medication; and (2) reported that the medication had primarily resolved Patricio-Saguilan's psychotic symptoms, his mood had stabilized, and he hadn't been aggressive.  Despite these improvements, the psychiatrist reported that Patricio-Saguilan "doesn't believe that he needs medication treatment."  The psychiatrist opined that, without the medication, (1) there will be a significant and likely long-term

2

deterioration of Patricio-Saguilan's mental condition, and (2) he will pose a serious risk of harm to others at the hospital.

¶ 7     When Patricio-Saguilan was asked at the hearing whether he has a mental illness, he responded, "I don't think so."  When he was asked whether he needs any medications, he again responded, "I don't think so."  He also testified that he does not want to take any medications and he "doesn't know" whether he would take the medication without a court order.  He asked the court to deny the petition.

¶ 8     The district court granted the petition, and in an oral and written order concluded that the State had met its burden of proving all four elements from *People v. Medina*, 705 P.2d 961, 973

(Colo. 1985).  Patricio-Saguilan did not contest below nor on appeal that the *Medina* elements apply.[1]

## II.    Standard of Review and Applicable Law

¶ 9    Application of the *Medina* test involves mixed questions of fact and law.  *People v. Marquardt*, 2016 CO 4, ¶ 8.  We defer to the district court's factual findings if they have record support, while we review the court's legal conclusions de novo.  *Id.*  Resolving conflicts in testimony and determining the credibility of the witnesses are matters solely within the province of the district court.  *People in Interest of Ramsey*, 2023 COA 95, ¶ 23.

¶ 10    We must affirm the district court's ruling if the evidence, viewed as a whole and in the light most favorable to the prevailing

---

[1] A different test applies to petitions to administer medication involuntarily for the purpose of restoring competency for a criminal proceeding.  *See People in Interest of R.F.*, 2019 COA 110, ¶¶ 10-15, n.1 (discussing the test from *Sell v. United States*, 539 U.S. 166, 180 (2003)).  Although Patricio-Saguilan was admitted to the hospital for that purpose, the parties agree that the test from *People v. Medina*, 705 P.2d 961 (Colo. 1985), applies here.  Indeed, the petition's stated purposes, and the district court's bases for granting the petition, were (1) to prevent a significant and long-term deterioration in Patricio-Saguilan's mental condition and (2) to prevent the likelihood of him causing serious harm to himself or others at the hospital, both of which are part of the second element of the *Medina* test.  *See R.F.*, ¶ 11 n.1.

party, is sufficient to support the court's order. *People in Interest of R.K.L.*, 2016 COA 84, ¶ 13. The testimony of the physician seeking to administer treatment may be sufficient, without more, to satisfy the *Medina* test. *Id.* at ¶ 30.

¶ 11 Under that test, a district court may authorize the involuntary administration of medication if the State demonstrates by clear and convincing evidence that (1) the person is incompetent to effectively participate in the treatment decision; (2) the treatment is necessary to prevent a significant and likely long-term deterioration in the person's mental health condition or to prevent the likelihood of the patient causing serious harm to himself or others at the institution; (3) a less intrusive treatment alternative is not available; and (4) the person's need for treatment is sufficiently compelling to override any bona fide and legitimate interest of the person in refusing treatment. *Medina*, 705 P.2d at 973.

III. Analysis

¶ 12 Patricio-Saguilan concedes that the State met its burden of proving the second, third, and fourth *Medina* elements. He challenges the sufficiency of the evidence supporting solely the first

*Medina* element — that he is incompetent to effectively participate in the treatment decision.

¶ 13    The district court found in its written order that Patricio-Saguilan is incompetent to effectively participate in decisions regarding his mental illness. That finding is supported by the psychiatrist's testimony that, despite Patricio-Saguilan's significant psychotic symptoms, Patricio-Saguilan isn't sure if he has a mental illness and therefore has "[m]inimal" insight into his mental illness. It is also supported by Patricio-Saguilan's testimony during which notwithstanding admitting that he has impulses or urges that he cannot control, he also testified that he doesn't think he has a mental illness. This testimony supports the court's finding that he is not competent to effectively participate in decisions regarding his mental illness due to a lack of insight into the existence or severity of his mental illness. *See R.K.L.*, ¶¶ 6-7, 33 (affirming the district court's finding that the first *Medina* element was met where the patient's psychiatrist testified that the patient had schizophrenia with possible bipolar disorder, but the patient testified that he did not think he had a mental illness).

¶ 14　　The district court's finding that Patricio-Saguilan is incompetent to effectively participate in decisions regarding his mental illness is also supported by the psychiatrist's testimony that despite Patricio-Saguilan thinking he does not need the medication, his condition improved on olanzapine. And although Patricio-Saguilan's psychotic symptoms had primarily resolved by the time of the hearing, the psychiatrist opined that, without continued administration of the medication, (1) there will be a significant and likely long-term deterioration of Patricio-Saguilan's mental condition, and (2) he will pose a serious risk of harm to others at the hospital. On this record, we perceive no error in the court's findings on the first *Medina* element.

## IV.　Conclusion

¶ 15　　The order is affirmed.

JUDGE WELLING and JUDGE GROVE concur.